IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| | |
|---|---|
| SERGIO VALDEZ-SALAS,<br><br>Plaintiff,<br><br>vs.<br><br>MATHESON; STEVEN STECKLER,<br><br>Defendants. | Cause No. CV 20-141-BLG-SPW-TJC |
| SERGIO VALDEZ-SALAS,<br><br>Plaintiff,<br><br>vs.<br><br>MATHESON; MATHESON INC/TRUCKING MATHESON FLIGHT EXTENDERS,<br><br>Defendants. | Cause No. CV 20-144-BLG-SPW-TJC |

**FINDINGS AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

On September 29, 2020, Plaintiff Sergio Valdez-Salas ("Plaintiff"), a self-represented litigant, filed a complaint and motion to proceed in forma pauperis in this action alleging employment discrimination. The Complaint was given Cause No. CV 20-141-BLG-SPW-TJC.

1

On October 8, 2020, Plaintiff filed another motion and complaint, referring to essentially the same dispute.[1] The Complaint was given Cause No. CV 20-144-BLG-SPW-TJC.

## I.    BACKGROUND

On April 26, 2021, the Court granted Plaintiff's motions to proceed in forma pauperis, but found the complaints he submitted failed to state a claim. (Doc. 4; Doc. 6.) The Court, therefore, gave Plaintiff an opportunity to amend his complaints. (*Id.*) Plaintiff was directed to file the amended complaints by May 24, 2021. (*Id.*) To date, Plaintiff has failed to file any amended complaint or otherwise respond to the Court's order.

## II.   FAILURE TO PROSECUTE

Fed. R. Civ. P. 41(b) authorizes the Court to dismiss an action "[i]f the plaintiff fails to prosecute" the action. The Court may dismiss a case on its own without awaiting a motion. See, e.g., *Link v. Wabash Railroad Co.*, 370 U.S. 626,

---

[1] It appears that Plaintiff intended the second complaint as an amendment of the first, rather than as the beginning of a new case. The complaints do not name exactly the same defendants. *See* Compls. at 1, 2. The second complaint appears to add the First and Fourteenth Amendments as a basis for jurisdiction, *see* Compls. at 3 ¶ II, cover an additional month, *see* Compls. at 4 ¶ III(B), add a checked box, *see* Compls. at 4 ¶ III(D), state a different date of filing with the EEOC, *see* Compls. at 5 ¶ IV(A), and increase the amount of damages sought, *see* Compls. at 6 ¶ V. The exhibits attached to each complaint also differ in some respects. Despite these differences, the subject matter of each complaint appears to be the same.

633 (1962); *Hells Canyon Preservation Council v. United States Forest Serv.*, 403 F. 3d 683, 689 (9th Cir. 2005).

In determining whether a plaintiff's failure to prosecute warrants dismissal of the case, the Court must weigh the following five factors: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Carey v. King,* 856 F.2d 1439, 1440 (9th Cir. 1988) (quoting *Henderson v. Duncan,* 779 F.2d 1421, 1423 (9th Cir.1986)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth factor cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer v. Johnson,* 910 F.2d 652, 656 (9th Cir.1990).

"The public's interest in expeditious resolution of litigation always favors dismissal." *Yourish v. California Amplifier*, 191 F. 3d 983, 990 (9th Cir. 1999). Here, Plaintiff has failed to file an amended complaint as directed. This factor weighs in favor of dismissal.

Likewise, the second factor supports dismissal. "The trial judge is in the best position to determine whether the delay in a particular case interferes with docket management and the public interest." *Pagtalunan v. Galaza*, 291 F. 3d 639

(9th Cir. 2002). The Court cannot manage its docket if Plaintiff refuses to comply with the Court's orders. Therefore, this factor favors dismissal.

The third factor requires the Court to weigh the risk of prejudice to Defendants. A rebuttable presumption of prejudice to the defendant arises when a plaintiff unreasonably delays prosecution of an action. *In re Eisen*, 31 F.3d 1447, 1452-53 (9th Cir. 1994). Nothing suggests that such a presumption is unwarranted in this case.

The Court has considered less drastic alternatives. Alternatives may include "allowing further amended complaints, allowing additional time, or insisting that appellant associate experienced counsel." *Nevijel v. North Coast Life Insurance Co.*, 651 F. 2d 671, 674 (9th Cir. 1981). Although less drastic alternatives to dismissal should be considered, the Court is not required to exhaust all such alternatives prior to dismissal. *Id*. Plaintiff was afforded an adequate amount of time to file an amended pleading. He chose not do so. At this juncture, the Court can envision no further alternatives to dismissal.

The last factor weighs against dismissal because public policy favors disposition of cases on their merits. *Hernandez v. City of El Monte,* 138 F. 3d 393, 399 (9th Cir. 1998). But in light of the other four factors favoring dismissal, the weight of this factor is slight. The Court will therefore recommend that these matters be dismissed for failure to prosecute, pursuant to Fed. F. Civ. P. 41(b).

## III. CONCLUSION

Given Plaintiff's failure to file an amended complaint, no further resources of the Court should be expended and Plaintiff's cases should be dismissed.

Based upon the foregoing, **IT IS RECOMMENDED** that:

1.  Cause No. CV 20-141-BLG-SPW-TJC and Cause No. CV 20-144-BLG-SPW-TJC should be dismissed. The Clerk of Court should be directed to close these matters and enter judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure.

2.  The Clerk of Court should be directed to have the dockets reflect that the Court certifies pursuant to Rule 24(a)(3)(A) of the Federal Rules of Appellate Procedure that any appeal of this decision would not be taken in good faith. The record makes plain that Plaintiff has failed to prosecute these matters and/or comply with the Court's orders.

### NOTICE OF RIGHT TO OBJECT TO OBJECT TO FINDINGS & RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

Plaintiff may file objections to these Findings and Recommendations within fourteen (14) days after service.[1] 28 U.S.C. § 636. Failure to timely file written

---

[1] Rule 6(d) of the Federal Rules of Civil Procedure provides that "[w]hen a party may or must act within a specified time after being served and service is made under Rule 5(b)(2)(C) (mail) . . . 3 days are added after the period would otherwise expire under Rule 6(a)." Therefore, since Plaintiff is being served by mail, he is

objections may bar a de novo determination by the district judge and/or waive the right to appeal.

This order is not immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Fed.R.App.P. 4(a), should not be filed until entry of the District Court's final judgment.

DATED this 25th day of October, 2021.

                                                                                                                                  TIMOTHY J. CAVAN
                                                                                                                                  United States Magistrate Judge

---

entitled an additional three (3) days after the period would otherwise expire.